23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jackie McCONNELL, Petitioner,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.
 No. 93-4116.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1994.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Jackie McConnell petitions through counsel for review of a decision of the Secretary of Agriculture finding that he violated the Horse Protection Act, 15 U.S.C. Secs. 1821-1831, and assessing civil penalties. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Department of Agriculture filed a complaint charging that McConnell, a trainer of Tennessee Walking Horses, had violated the Horse Protection Act by entering the horse "Executive Order" in the Tennessee Walking Horse National Celebration on September 1, 1989, when the horse was sore as defined in the Act. McConnell denied the charge. A hearing was held before an Administrative Law Judge (ALJ) who found a violation and assessed civil penalties of a $2,000 fine and disqualification from participation in any horse show, exhibition, sale or auction for a period of two years. This decision was affirmed on appeal within the agency. In his appeal to this court, McConnell challenges several evidentiary rulings of the ALJ, questions the sufficiency of the evidence to support the ALJ's findings, and contends that a two year disqualification was not warranted.
 
 
 3
 Upon review, we conclude that the Secretary's decision employed the proper legal standards and is supported by substantial evidence. See Elliott v. Administrator, Animal & Plant Health Inspection Serv., 990 F.2d 140, 144 (4th Cir.), cert. denied, 114 S.Ct. 191 (1993); Fleming v. United States Dep't of Agriculture, 713 F.2d 179, 188 (6th Cir.1983). Moreover, McConnell's evidentiary challenges lack merit. Finally, we conclude that the sanction imposed was within the bounds of authority of the agency and not an abuse of discretion. See Woodard v. United States, 725 F.2d 1072, 1077 (6th Cir.1984); Stamper v. Secretary of Agriculture, 722 F.2d 1483, 1489 (9th Cir.1984).
 
 
 4
 Accordingly, the decision and order of the Secretary of Agriculture is affirmed.